[Civ. No. 18249. First Dist., Div. One. Oct. 19, 1959.]

FRANK VIZZONE et al., Appellants, v. EDWARD L. SELSOR et al., Respondents.

*Assigned by Chairman of Judicial Council.

Johnson, Thorne, Speed & Bamford for Appellants.

Di Leonardo, Blake & Kelly and Robert L. Blake for Respondents.

WOOD (Fred B.), J.—Plaintiffs own an automobile service station which they had leased to one Hartzog who negotiated a sale of the business to defendant Selsor and one Childress.

The sales contract called for assignment of the Hartzog lease or for a new lease (for either of which plaintiffs' consent would be required). Hartzog agreed to consummate the lease feature within 15 days. Meanwhile, plaintiff Vizzone orally agreed with Selsor and Childress to give them a new lease on the same terms as the old, for a term of five years with an option up to 10 years, at a rental of $250 a month, with a $500 deposit as security. Selsor and Childress prepared and signed a new lease along those lines and submitted it to plaintiffs for their signature and for delivery into the escrow which Selsor and Hartzog had established.

Plaintiffs signed the lease but withheld delivery. There is evidence that plaintiff Vizzone had no intention of delivering the lease until he received from Hartzog moneys owing from him to plaintiffs.

Meanwhile, Selsor entered into possession and remained in possession for three months, paying the monthly rental stipulated in the lease therefor. He also made the $500 deposit specified in the lease as security for the last two months' rent. At the end of the first three months Selsor rescinded his agreement with Vizzone to enter into a lease, and demanded the return of his $500 deposit.

Later, plaintiffs delivered the lease to the escrow holder and filed this action for the rent which would have become due if the execution of the lease had been consummated and not rescinded.

The trial court found against plaintiffs upon all issues pertinent to this appeal. Plaintiffs point to evidence that tends to show that plaintiffs signed the lease and delivered it to their agent who told the escrow holder (Selsor's agent) it was ready for him and he could pick it up at any time. Plaintiffs say this was in effect a delivery. By this testimony plaintiffs merely created a conflict in the evidence. The trial court resolved that conflict in favor of Selsor's testimony that several times plaintiff Vizzone indicated very clearly he would not deliver the lease until he received the money owed him by Hartzog.

At oral argument, plaintiffs suggested there was no evidence that Selsor deposited $500 with the plaintiffs. Whether there was such evidence or not is quite immaterial. The pleadings admitted the making of such a deposit.*

Also, at oral argument, plaintiffs suggested there is no finding on the issue of damages in the sum of $1,000, presented by plaintiffs' oral amendment to their complaint. But there is a finding on that subject. Paragraph V of the findings of fact states that "plaintiffs' allegation of damages in the amount of $1,000.00 to personal and real property contained in their oral amendment to the complaint of the time of the trial is untrue."

The judgment is affirmed.

Bray, P. J., and Tobriner, J., concurred.

---

*The complaint alleged it and the answer thereto admitted it. So, too, did the cross-complaint allege and the answer thereto admit.